UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0342-B-2 |
| | § | |
| EDUARDO VARGAS, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Eduardo Vargas's Motion for Habeas Corpus Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 95). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Defendant Eduardo Vargas pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, the Court sentenced him to seventy months of imprisonment and two years of supervised release. Doc. 70, J., 1–3.

Vargas, who is currently twenty-four years old, is serving his sentence at Seagoville Federal Correctional Institution (FCI). His statutory release date is July 21, 2022.[1] As of August 3, 2020, Seagoville FCI has 549 active cases of COVID-19 among its inmates and nine active cases among

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

its staff.[2] Vargas claims that he has tested positive for COVID-19 and is "still experiencing symptoms . . . ." Doc. 95, Def.'s Mot., 2.

On July 21, 2020, Vargas filed a motion seeking compassionate release under 18 U.S.C. § 3582. Doc. 95, Def.'s Mot., 1–2.[3] The next day, the Court ordered the Government to respond to the motion and provide Vargas's medical records, as well as records related to any requests for compassionate release by Vargas, from FCI Seagoville. Doc. 96, Order, 1. On July 29, 2020, the Government responded in opposition to Vargas's motion and submitted the requested records. *See generally* Doc. 97, Gov't's Resp. Accordingly, Vargas's motion for compassionate release is now ripe for review.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements

---

[2] The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

[3] Although Vargas titles his motion as one seeking "habeas corpus relief," he invokes the Court's authority under § 3582 and refers to "extraordinary and compelling circumstances." Doc. 95, Def.'s Mot., 1. Thus, the Court will construe his motion as a motion for compassionate release pursuant to § 3582.

issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, the Court denies Vargas's request for compassionate release because Vargas has not satisfied § 3582's exhaustion requirement, and the Court is not convinced that Vargas faces extraordinary and compelling circumstances at this time.

A.  *Vargas Has Not Satisfied the Exhaustion Requirement.*

Vargas has not yet satisfied § 3582's exhaustion requirement. Under § 3582(c)(1)(A), a defendant may bring a motion for compassionate release to the Court after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ."

In his motion, Vargas fails to indicate whether he has submitted a request for compassionate release to the warden of his facility. *See generally* Doc. 95, Def.'s Mot. Further, in the Government's response, the Government attached a request to the warden, dated July 12, 2020, in which Vargas asks to "go home . . . ." Doc. 97-2, Def.'s Request, 1. The warden construed this as a request for home confinement and denied it. *Id.* Thus, the evidence before the Court indicates that Vargas has not yet submitted a compassionate-release request to the warden and thus has not satisfied § 3582's exhaustion requirement.[4] *See* § 3582(c)(1)(A).

---

[4] The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Vargas's motion, Vargas has not shown extraordinary and compelling reasons for release.

Accordingly, the Court **DENIES** Vargas's motion **WITHOUT PREJUDICE** to re-filing upon satisfaction of the exhaustion requirement.

B.   *Irrespective of Exhaustion, Vargas Has Not Shown Extraordinary and Compelling Reasons for Release.*

Regardless of whether Vargas has exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1.[5] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See, e.g., United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here and concludes that Vargas has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

---

[5] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1.

In support of his request for compassionate release, Vargas explains that he tested positive for COVID-19, and he is suffering from "body aches, diarrh[e]a, trouble breathing, no taste or smell, along with fever and trouble sleeping." Doc. 95, Def.'s Mot., 2. Further, he points out the rapid spread of COVID-19 at Seagoville FCI and the inability to socially distance in confinement. *Id.*

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at Seagoville FCI. But generalized concerns about the spread of COVID-19 at Vargas's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Seagoville FCI. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

As for Vargas's individual circumstances, the Court concludes that despite Vargas's contraction of COVID-19, he has not demonstrated extraordinary and compelling circumstances. The Court does not discount Vargas's claimed symptoms; nonetheless, Vargas has not suggested that his specific facility is incapable of managing those symptoms. *See generally* Doc. 95, Def.'s Mot. Though he alleges that there is "no treatment" for COVID-19 at the facility, he does not suggest that he lacks access to adequate medical care; rather, he contends he has "a better chance of fighting and recovering at home." *Id.* at 2. Further, as the Government points out, Vargas is—aside from COVID-19—a healthy, young individual with no preexisting conditions. Doc. 97, Gov't's Resp., 10; *see generally* Doc. 97-3, Def.'s Medical Records (failing to indicate any preexisting condition or life-threatening illness).

Given that Vargas's case of COVID-19 appears manageable and he is otherwise healthy, the Court concludes Vargas has not demonstrated "extraordinary and compelling reasons" for release.

*See* § 3582(c)(1)(A). Vargas's failure to provide extraordinary circumstances constitutes another justification for denying his motion without prejudice.

## IV.

## CONCLUSION

Vargas's request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his administrative remedies. Moreover, Vargas has not demonstrated extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** Vargas's motion (Doc. 95) **WITHOUT PREJUDICE**.

By denying Vargas's motion without prejudice, the Court permits Vargas to file a subsequent motion for compassionate release in the event that his circumstances change, and he can both: (1) satisfy the exhaustion requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release.

Lastly, as noted above, before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. § 3582(c)(1)(A). Because Vargas has not offered extraordinary and compelling reasons for release, the Court need not conduct that analysis today.

SO ORDERED.

SIGNED: August 5, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE