UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0342-B-2 |
| | § | |
| EDUARDO VARGAS, | § | |
| | § | |
| Defendant, | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Eduardo Vargas's motion for compassionate release (Doc. 101). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On May 15, 2018, the Court sentenced Vargas to seventy months of imprisonment and two years of supervised release after he pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. Doc. 70, J., 1–3. Vargas is currently twenty-five years old and serving his sentence at Seagoville Federal Correctional Institution (FCI), with a statutory release date of July 21, 2022.[1] As of January 26, 2021, Seagoville FCI has five active cases of COVID-19 among its inmates and two active cases among its staff.[2]

Vargas previously filed a motion for compassionate release (Doc. 95) on July 21, 2020. After

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed January 26, 2021).

[2] The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus (last accessed January 26, 2021).

- 1 -

receiving the Government's sealed response (Doc. 97), the Court denied Vargas's motion without prejudice in an order dated August 6, 2020, concluding that compassionate release was not warranted because Vargas failed to exhaust his administrative remedies and, alternatively, because he failed to demonstrate extraordinary and compelling reasons warranting his release. Doc. 98, Mem. Op. & Order, 1, 3–4. One day after the Court's denial, and presumably before Vargas received notice of the Court's order, Vargas filed a reply in support of his motion. Doc. 99, Def.'s Reply, 1. Although the Court permits reply briefs in criminal cases only upon granting a motion for leave to file a reply brief, the Court granted leave and considered Vargas's reply brief. Doc. 100, Order, 1. In an order dated August 13, 2020, the Court again denied Vargas's motion for compassionate release without prejudice for the same reasons stated in its initial order. *Id.* at 1–2. By denying Vargas's motion without prejudice, the Court permitted Vargas to file a subsequent motion for compassionate release if he satisfied the exhaustion requirement and demonstrated extraordinary and compelling circumstances. *Id.* at 3; Doc. 98, Mem. Op. & Order, 6. On December 10, 2020, Vargas filed another motion for compassionate release (Doc. 101). The Court considers the motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting

§ 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

*A.    Vargas Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

In support of his motion, Vargas attaches a document evidencing electronic messages between himself and the warden at Seagoville FCI, wherein Vargas requests compassionate release and the warden denies Vargas's request. Doc. 101, Def.'s Mot., 8. Because the warden's message is dated October 21, 2020, it is clear that more than thirty days have lapsed between the warden's receipt of Vargas's request and the filing of Vargas's pending motion. *Id.* Thus, Vargas has satisfied the exhaustion requirement under § 3582. *See Ezukanma*, 2020 WL 4569067, at *2–5. Having determined that Vargas satisfied the exhaustion requirement, the Court turns to the merits of his compassionate-release motion.

*B.    Vargas Fails to Show Extraordinary and Compelling Reasons for Compassionate Release.*

Although Vargas exhausted his administrative remedies, he has not demonstrated

---

[3] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

"extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) cmt. n.1.[4] In particular, extraordinary and compelling circumstances may exist if the defendant "suffers from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide selfcare within the environment of a correctional facility and from which he . . . is not expected to recover." *Id.*

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019).[5] These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here, as it did in the previous orders denying Vargas's requests for compassionate release. *See* Doc. 98, Mem. Op. & Order, 4–5; Doc. 100, Order, 2. Here, Vargas

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

[5] Additionally, the Fifth Circuit noted that the commentary of § 1B1.13 is "not dispositive" but "guid[ing.]" *United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam).

requests compassionate release on the grounds that he "has a history of asthma[,]" that officers at Seagoville FCI are "doing a poor job to prevent a second wave" of COVID-19, and that Vargas "is still having complications due to contracting COVID-19 such as headaches, shortness of breath, and bone and joint function." Doc. 101, Def.'s Mot., 3. Vargas attaches medical records that substantiate his asthma diagnosis and show that he tested positive for COVID-19 on July 14, 2020, and has since recovered. *Id.* at 16, 24. Despite these medical records, the Court finds that Vargas has not shown extraordinary and compelling reasons for compassionate release.

First, Vargas's asthma diagnosis does not warrant compassionate release because Vargas has not demonstrated or even suggested that he is incapable of managing his asthma while incarcerated at Seagoville FCI. *See generally id.* On the contrary, he states that he "take[s] an inhaler throughout the day" and does not allege that this treatment is insufficient. *Id.* at 3. Accordingly, Vargas's asthma is not an extraordinary or compelling reason for his release.

Likewise, Vargas's "complications due to contracting COVID-19" do not constitute extraordinary and compelling reasons for compassionate release. Doc. 101, Def.'s Mot., 3. While the Court does not discount Vargas's alleged "headaches, shortness of breath, and bone and joint function" that resulted from his COVID-19 infection, *id.*, Vargas does not suggest that these symptoms "substantially diminish[] [his] ability . . . to provide self-care" while incarcerated or that Seagoville FCI is otherwise incapable of managing Vargas's health. § 1B1.13 cmt. n.1; *see generally* Doc. 101, Def.'s Mot. In its first order denying Vargas's first request for compassionate release, the Court found that Vargas is "a healthy, young individual with no preexisting conditions." Doc. 98, Mem. Op. & Order, 5. The Court again finds that, aside from his asthma and lingering symptoms resulting from previously contracting COVID-19, Vargas is a healthy individual. *See generally* Doc.

101, Def.'s Mot. (failing to indicate any other preexisting condition or life-threatening illness).

Finally, even if Vargas provided evidence for his claim that officers at Seagoville FCI are "doing a poor job" at preventing the spread of COVID-19—which he does not—this claim does not constitute an extraordinary and compelling reason for Vargas's release. *See id.* First, it appears that, contrary to Vargas's position, the conditions at Seagoville FCI are improving, as the number of active cases among inmates and staff has decreased from 558 to seven since the Court issued its first order denying Vargas's motion for compassionate release. *Compare* Doc. 98, Mem. Op. & Order, 1, *with supra* Section I. However, even if a "second wave" of COVID-19 infections is looming as Vargas suggests, Doc. 101, Def.'s Mot., 3, this alone does not constitute an extraordinary and compelling reason for Vargas's release. As the Court explained in its initial order:

> [G]eneralized concerns about the spread of COVID-19 at Vargas's facility do not give rise to extraordinary and compelling reasons for release. Rather, 'the Court must consider every prisoner individually and should be cautious about making blanket pronouncements' about, for example, the propriety of incarceration for all inmates at Seagoville FCI.

Doc. 98, Mem. Op. & Order, 5 (quoting *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020)). The general conditions at Seagoville FCI are not specific to Vargas, so they do not demonstrate extraordinary and compelling reasons for his release.

Because Vargas's asthma and symptoms appear to be manageable while he is incarcerated and because he is otherwise healthy, the Court concludes that Vargas has not demonstrated extraordinary and compelling reasons warranting his release. Moreover, his allegations regarding the general conditions at Seagoville FCI do not warrant compassionate release. *See* § 3582(c)(1)(A). Accordingly, Vargas's motion for compassionate release (Doc. 101) is **DENIED**.

Lastly, before granting compassionate release under § 3582(c)(1)(A), the Court must also

consider the factors of § 3553. § 3582(c)(1)(A). Because Vargas has not offered extraordinary and compelling reasons for release, the Court need not conduct that analysis today.

## IV.

## CONCLUSION

Vargas's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. Therefore, the Court **DENIES** Vargas's motion (Doc. 101) **WITHOUT PREJUDICE**.

By denying Vargas's motion without prejudice, the Court permits Vargas to file a subsequent motion for compassionate release in the event that his circumstances change, and he can both: (1) satisfy the exhaustion requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release.

**SO ORDERED**.

**SIGNED: February 2, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE